JAMES D. PORTER AND OTHERS, PLAINTIFFS IN ERROR, *v.* BUSH-ROD W. FOLEY.

Where an act of Assembly of the State of Kentucky was objected to in the State court because said act and supplement were unconstitutional and void, the court properly considered the question as relating to the power of the Legislature to pass the act under the Constitution of the State, and not under the Constitution of the United States.

There is therefore no ground for the exercise of jurisdiction by this court under the 25th section of the Judiciary act.

THIS case was brought up from the Court of Appeals for the State of Kentucky by a writ of error issued under the 25th section of the Judiciary act.

A motion was made by *Mr. Mooar* to dismiss it for want of jurisdiction, under the following circumstances :

Porter and others, the plaintiffs in error, filed a petition in the State court to recover the title and possession of a lot of land in the town of Covington. They claimed under a grant

from the Commonwealth of Virginia, in 1787, to James Welsh, and a series of mesne conveyances to themselves.

The defendants below claimed under the same original title, and also under two acts of the Legislature of Kentucky passed on November 10 and November 26, 1823, by which William Porter was authorized to sell and convey certain parcels of ground which had been conveyed to his children. The plaintiffs objected to the admission of these acts as being unconstitutional and void. The court below, however, and the Court of Appeals, sustained them.

The reader can now understand the points made by the counsel.

In support of the motion to dismiss, *Mr. Mooar* made the following points:

1. As the bill of exceptions does not state that the statutes were repugnant to the Constitution of the United States, it must be presumed that the State Constitution was referred to; and this court has decided, in numerous cases, it had no jurisdiction on a writ of error from a State court to declare a State law void on account of its collision with a State Constitution.

3 Peters, 289.

4 Peters, 563.

20 Howard, 84.

Ibid, 522.

2. The ground of jurisdiction must be stated with precision, and the ruling of the court, to bring the case under the 25th section, must appear on the record to have been decided against the right claimed.

18 Howard, 196.

The only ruling of the court in this case was in overruling the objections of the plaintiffs to the introduction of the two State legislative acts as evidence in the cause. The reasons of the court for admitting the evidence are not stated in the record; nor did the counsel who made the objection rely upon any clause of the Constitution of the United States which renders said statutes unconstitutional and void. In Maxwell *v.* Newbold, 18 Howard, 517, Mr. Chief Justice TANEY said,

"the clause in the Constitution should have been specified by the plaintiffs in error in the State court, in order that this court might see what was the right claimed by them, and whether it was denied to them by the decision of the State court." Neither the Constitution of the United States, nor any clause thereof, was specified or referred to in this case; nor is it sufficient that the judges of the State court, in their opinion, may have stated that certain clauses of the Constitution of the United States were involved in the decision, because, as Mr. Justice Story said, in the case of the Ocean Insurance Company *v.* Polleys, 13 Peters, 165, the opinion of the judges in the State court "constitutes no part of the record; and it is to the record, and the record only, that we can resort to ascertain our appellate jurisdiction in cases of this sort." As the record in this case does not show that the acts of the Legislature of Kentucky were objected to because of their repugnancy to the Constitution of the United States, or any clause thereof, no case is presented for the appellate jurisdiction of this court, and the writ of error should therefore be dismissed.

*Mr. Headington* opposed the motion to dismiss the writ upon the ground that the statutes in question violate the seventh section of the compact of 1789 between Virginia and Kentucky, (1 Stanton's Ky. Stat., 82,) and are therefore repugnant to the tenth section of the first article of the Constitution of the United States.

Green *v.* Biddle, 8 Wheaton, 1.

The defendant in error now moves to dismiss the case on the ground that the record does not show that it falls within the twenty-fifth section of the Judiciary act of 1789.

1 Stat. at Large, 85.

The verdict and judgment in the Circuit Court were in favor of the defendant; and an appeal was taken to the Court of Appeals, and the judgment affirmed. The whole title of the defendant rested upon the above acts of the Legislature, the validity of which was sustained. If, therefore, the claim now made under the compact with Virginia, and the Constitution of the United States, was made in the Circuit Court, or Court

of Appeals, it was necessarily involved in the decision, which was adverse thereto. Does the record show that the claim was made?

It is not necessary that the question should appear on the record to have been raised and the decision made in direct and positive terms; it is sufficient if this appears by clear and necessary intendment.

Wilson v. the Blackbird Creek Marsh Co., 2 Peters, 250.

Satterlee v. Matthewson, Id., 409—10.

Harris v. Dennie, 3 Peters, 302.

Craig v. the State of Missouri, 4 Peters, 427—8.

Davis v. Packard, 6 Peters, 48.

Crowell v. Randell, 10 Peters, 398.

Armstrong v. the Treasurer of Athens Co., 16 Peters, 285.

Nelson v. Lagow, 12 Howard, 109.

When the above acts were offered in evidence in the Circuit Court, the plaintiffs objected to their admission on the ground that they "were unconstitutional and void;" the objection was overruled, and an exception taken.

It is contended that this objection might have referred to the State Constitution, and is therefore not sufficient evidence that a claim was made under the Constitution of the United States. This is a common form of expression, however, applied to acts repugnant to the Constitution of the United States. A like inhibition exists in both Constitutions, and the finding that the acts did not conflict with the one necessarily involved a finding that it did not conflict with the other. The Court of Appeals affirmed the judgment of the Circuit Court, and thus overruled every claim which by necessary intendment could be brought within the above objection.

But whether the question was raised in the Circuit Court or not, it is presented on the record, and if decided by the Court of Appeals, is the proper subject of revision in this court.

Davis v. Packard, 6 Peters, 49.

Nelson v. Lagow, 12 Howard S. C., 110.

The record shows what would appear to be a general order of affirmance by the Court of Appeals. But this order was

suspended, and the final order is in fact contained in the opinion, at the conclusion of which the judgment is affirmed.

This opinion, or judgment, states that it was urged against the validity of the above acts, "that they are opposed to both the Federal and State Constitutions, because they in effect impair the obligations of the contracts." There is no mistaking the meaning of this language; the objection was not sustained, and the only question is whether the opinion forms a part of the record in the case.

Under the 909th section of the Code of Practice, governing the Supreme Court of Louisiana, that court is required to state the reasons for its judgments by citing as exactly as possible the laws on which it founds its opinions. When appeals are prosecuted in Louisiana, the court of last resort acts on the law and facts as presented by the whole record. And their opinions or decisions have been uniformly held by this court to form a part of the record, so as to allow them to be referred to for the purpose of determining a question of jurisdiction under the twenty-fifth section of the Judiciary act.

Cousin *v.* Blanc's executor, 19 Howard S. C., 207.

Crowell *v.* Randell, 10 Peters, 398.

Now, in Kentucky, a case is taken from the Circuit Court to the Court of Appeals by appeal, and no assignment of errors is necessary, but the judgment may be reversed or modified for any error appearing upon the record.

Civil Code of Kentucky, secs. 876, 896.

And there is a statute of that State of precisely the same import and effect as the above section of the Code of Louisiana. It provides that the decisions of the Court of Appeals must be so written as to show the governing principle thereof, except in cases involving matters of fact.

1 Stanton's Ky. Stat., 309.

Under this statute the decision of the Court of Appeals in the present case forms a part of the record, and has been certified as such to this court.

It is not desired, nor would it be proper, to discuss the merits of the case on the present motion.

*Reddall* v. *Bryan et al.*

Mr. Justice GRIER delivered the opinion of the court.

The record of this case does not show that any question arose or was decided by the State court, which this court has authority to re-examine by virtue of the 25th section of the Judiciary act.

Without entering into a tedious analysis of the case, it is sufficient to state, that the chief or only question in it was, whether an act of Assembly of Kentucky, authorizing an executor to sell the real estate of minors, was a valid exercise of power by the Legislature.

The counsel for plaintiff objected to the admission of the deed made in pursuance of such authority, "because said act and supplement were unconstitutional and void."

This objection was very properly construed by the court as having reference to the validity of the act of the Legislature of Kentucky, not as contrary to any provision of the Constitution of the United States, but as raising the question whether the Legislature had a power under the Constitution of that State, by general or special enactment, to authorize the sale of real estate of infants. The court decided that it had such power; and if it had, it is abundantly evident that there is no article nor clause in the Constitution of the United States which could interfere with it.

Let the writ of error be dismissed.